UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Carlandus Brown,                                              Case No.  3:12cv00530

        Petitioner

v.                                                            MEMORANDUM OPINION
                                                              AND ORDER

Ohio Dept. of Rehabilitation & Correction,

        Respondent


### INTRODUCTION

This matter is before me on the objections of Petitioner Carlandus Brown to the Report and Recommendation of Magistrate Judge Kathleen B. Burke regarding the motion of Respondent the Ohio Department of Rehabilitation and Correction (the "ODRC") to dismiss Brown's petition for a writ of habeas corpus because Brown failed to exhaust his state court remedies.  (Doc. No. 9).  For the reasons stated below, I adopt in part and reject in part the Magistrate Judge's recommendations as set forth in the Report and Recommendation.  Brown's petition is dismissed without prejudice, but the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) will be equitably tolled, provided Brown complies with certain conditions described in greater detail below.

### BACKGROUND

Magistrate Judge Burke has accurately and comprehensively set forth the procedural background of this case, and I adopt those sections of the Report and Recommendation in full.  (*See* Doc. No. 19 at 4-8).  Further, as Magistrate Judge Burke notes, "[i]n a habeas case, a federal reviewing court gives 'complete deference to state court findings of historical fact unless they are

clearly erroneous.'" (Doc. No. 19 at 1) (*quoting West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996)). I also adopt that section of the Report and Recommendation in full. (*See* Doc. No. 19 at 1-4).

Briefly, Brown was convicted of one count of aggravated robbery and two counts of felonious assault, with a firearm specification, after a bench trial before Judge Stacy L. Cook in the Court of Common Pleas of Lucas County, Ohio. (*See* Doc. No. 9-5). Judge Cook imposed an aggregate sentence of ten years imprisonment. (Doc. No. 9-5 at 217-18). Through appointed counsel, Brown filed an appeal of his conviction with the Sixth District Court of Appeals, which affirmed the judgment of the trial court. (Id. at 5). Proceeding pro se, Brown subsequently filed a notice of appeal with the Supreme Court of Ohio. (Id. at 6). He missed the filing deadline by one day, however, and his submission was denied as untimely. (Id.). There is no indication Brown filed a motion for a delayed appeal as permitted by the Rules of Practice for the Supreme Court of Ohio. *See* Ohio S. Ct. Prac. R. 7.01(A)(4).[1]

The ODRC filed a motion to dismiss Brown's petition for failure to exhaust his state court remedies; in the alternative, the ODRC requested a stay to permit exhaustion of Brown's claims in state court "in a motion for leave to file [a] delayed direct appeal." (Doc. No. 9 at 1). Magistrate Judge Burke concluded Brown did not exhaust his available state court remedies before he filed his petition, and recommended the ODRC's motion to dismiss be granted and Brown's petition dismissed without prejudice. (Doc. No. 19 at 1).

Brown timely filed objections to Magistrate Judge Burke's Report and Recommendation. Brown argues he does not have any remaining state court remedies because the delayed appeal process is permissive rather than of right. (Doc. No. 22 at 3). Brown also asserts that requiring him to file a delayed appeal "would be egregiously unfair" because he is indigent, he cannot "secure relief

---

[1] As of January 1, 2013, the Rules of Practice of the Supreme Court of Ohio were amended and renumbered. Ohio S. Ct. Prac. R. 2.2(A)(4) has been renumbered as Ohio S. Ct. Prac. R. 7.01(A)(4), but is unchanged in substance. I refer to the current numbering system.

2

of federal claims in that request," it would cause him to remain incarcerated longer, and "would cause him to run afoul of the statute [of] limitation under 28 U.S.C. § 2244(d)." (Id.).

## STANDARD

A district court must conduct a de novo review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. Pro. 72(b)(3).

## ANALYSIS

**Nature of the delayed appeal**

Magistrate Judge Burke concludes Brown has not exhausted his available state court remedies because he "has not sought, but still has the opportunity to seek, a delayed appeal" before the Supreme Court of Ohio. (Doc. No. 19 at 12). Brown asserts this avenue does not constitute an "available" remedy because the Supreme Court of Ohio has the discretion to deny a motion for leave to file a delayed appeal. (Doc. No. 22 at 2).

Section 2254(c) provides a petitioner may not "be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added). In *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), the Supreme Court required "state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *Id.* at 847. The *O'Sullivan* Court considered Illinois Supreme Court Rule 315(a), which provides a discretionary appeal "in any case not appealable from the Appellate Court as a matter of right." ILCS S. Ct. Rule 315. Like Brown, the petitioner in *O'Sullivan* claimed the rule gave him "no right to *review* in the [state] Supreme Court . . . ." *O'Sullivan*, 526 U.S. at 845 (emphasis in original). The Court agreed with the petitioner's contention but stated the petitioner did "have a 'right . . . to raise' his claims before that court." *Id.* The Court concluded "[t]hat is all § 2254(c) requires." *Id.*

3

As in *O'Sullivan*, the Ohio delayed appeal application provision is a "normal . . . and established part of the State's appellate review process." *O'Sullivan*, 526 U.S. at 845. State court remedies are not exhausted "if there exists a state procedure to raise 'the question presented' . . . ." *Rose v. Lundy*, 455 U.S. 509, 517 (1982). There is nothing to prevent Brown from filing a motion for leave to file a delayed appeal, and he must do so in order to exhaust his available remedies in the Ohio courts. *See, e.g., Johnson v. Warden, Lebanon Corr. Inst.*, No. 1:09-cv-336, 2010 WL 2889056, *10 (S.D. Ohio June 23, 2010), *report and recommendation adopted*, 2010 WL 2889057 (S.D. Ohio July 20, 2010) (concluding petitioner's claims were unexhausted because he still could pursue a delayed appeal before the Supreme Court of Ohio).

**Indigence**

Brown argues it would be unfair to force him to file a motion for leave to file a delayed appeal because he "is indigent and only had enough funds for copies and postage to file a timely appeal . . . ." (Doc. No. 22 at 3). Brown's argument is not persuasive. The Rules of Practice permit Brown to file an affidavit of indigence in lieu of a filing fee, or a copy of the entry of appointment of counsel by a trial or appellate court in lieu of an affidavit of indigence. Ohio S. Ct. Prac. R. 3.06(A)-(B). Further, as is true for every state, Ohio is prohibited from "foreclose[ing] indigents from access to any phase of [appellate review normally provided] because of their poverty." *Burns v. State of Ohio*, 360 U.S. 252, 257 (1969); *cf. Griffin v. Illinois*, 351 U.S. 12, 19 (1956) (indigent defendants "must be afforded as adequate appellate review as defendants who have money enough to buy [trial] transcripts"). Brown's objection is overruled.

**Review of federal claims**

Brown asserts he would be unable to "secure relief of federal claims" in his motion for leave to file a delayed appeal. (Doc. No. 22 at 3). Brown is incorrect. Nothing in state or federal law prohibits the Supreme Court of Ohio from considering and ruling upon Brown's allegations of violations of his federal constitutional and statutory rights. "State courts, like federal courts, are

4

obliged to enforce federal law." *O'Sullivan*, 526 U.S. at 844. Further, the Antiterrorism and Effective Death Penalty Act of 1996, which governs petitions for writs of habeas corpus, contemplates federal court review of state court application of federal law. *See* 28 U.S.C. § 2254(d)(1). Brown's objection is overruled.

**Length of incarceration**

Brown objects to Magistrate Judge Burke's recommendation of dismissal because "it would further his incarceration longer [sic] . . . ." (Doc. No. 22 at 3). While it is troubling Brown may spend unwarranted months in prison if in fact his conviction was defective, I may not presume that to be true. Congress has mandated that the Supreme Court of Ohio generally must be given an opportunity to weigh the merits of Brown's claims before he may apply for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1). Brown first must present his claims to the Supreme Court of Ohio. Accordingly, his objection is overruled.

**Statute of limitation**

Brown argues requiring him to file a motion for leave to file a delayed appeal with the Supreme Court of Ohio "would cause him to run afoul of the statute [of] limitation under 28 U.S.C. § 2244(d)." (Doc. No. 22 at 3). Brown likely is correct on this issue. The limitation period under § 2244(d) does not begin to run until "the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1). Brown's appeal before the court of appeals was denied on January 14, 2011, and Brown's notice of appeal to the Supreme Court of Ohio arrived in the clerk's office on March 1, 2011, or one day after the February 28, 2011 deadline under Ohio law. (Doc. No. 9 at 7, n.3); Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i). Brown filed his petition for a writ of habeas corpus on February 23, 2012, when he placed his petition in the prison mailing system. (Doc. No. 1 at 14).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The Supreme Court has reasoned:

> By tolling the limitation period for the pursuit of state remedies and not during the pendency of applications for federal review, § 2244(d)(2) provides a powerful incentive for litigants to exhaust all available state remedies before proceeding in the lower federal courts. But if the statute were construed so as to give applications for federal review the same tolling effect as application for state collateral review, then § 2244(d)(2) would furnish little incentive for individuals to seek relief from the state courts before filing federal habeas petitions. . . . . Tolling the limitations period for a federal habeas petition that is dismissed without prejudice would thus create more opportunities for delay and piecemeal litigation without advancing the goals of comity and federalism that the exhaustion requirement serves.

*Duncan v. Walker*, 533 U.S. 167, 180 (2001).

Where a petitioner has not exhausted his state court remedies, a court may utilize a stay and abeyance procedure. The AEDPA "circumscribe[s]" the discretion of district courts in exercising their authority to issue stays. *Rhines v. Walker*, 544 U.S. 269, 276 (2005). Stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to present his claims first in state court." *Id.* at 277. "Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* (*citing* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")). Magistrate Burke concluded Brown "failed to demonstrate 'good cause' for his failure to file a motion for delayed appeal" after he received a letter from the Supreme Court of Ohio rejecting his jurisdictional appeal but notifying him of the delayed appeal process. (Doc. No. 19 at 13).

There is another path, however. In *Duncan*, Justice Stevens "remarked that 'Congress . . . overlooked the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted.'" *Palmer v. Carlton*, 276 F.3d 777, 780 (6th Cir. 2002) (*quoting Duncan*, 533 U.S. at 184 (Stevens, J., concurring in part and concurring in the judgment)). Justice

6

Stevens made two suggestions: (1) district courts could stay habeas proceedings until the petitioner exhausted his claims in state court, and (2) district courts could equitably toll the limitations period and permit a petitioner to re-file his habeas petition after state court exhaustion. *Duncan*, 533 U.S. at 184. Justice Stevens "concur[red] in the Court's holding on the understanding that it does not foreclose either of [these] . . . safeguards against the potential for injustice that a literal reading of § 2244(d)(2) might otherwise produce." *Id.*

In *Hargrove v. Brigano*, 300 F.3d 717 (6th Cir. 2002), the Sixth Circuit affirmed a district court's decision to equitably toll the limitations period in very similar circumstances. *Id.* at 718. In that case, the petitioner had not filed an appeal with the Supreme Court of Ohio and also had not filed a motion for leave to file a delayed appeal. *Id.* The district court adopted the magistrate judge's recommendation "that the petition be dismissed without prejudice and that the district court toll the one-year statute of limitations . . . on the condition that [the petitioner] pursue his state remedies within thirty days of the court's order and return to federal court within thirty days of exhausting his state remedies." *Id.* The Sixth Circuit concluded the district court's prospective tolling of the statute of limitations was "reasonable." *Id.* at 720; *see also Palmer*, 276 F.3d at 781 (calling a nearly identical approach fashioned by the Second Circuit in a case involving a habeas petition with both exhausted and unexhausted claims "eminently reasonable").

I conclude a similar prospective tolling scheme is appropriate in this case. If I dismissed Brown's petition without applying the equitable tolling doctrine approved in *Hargrove* and *Palmer*, Brown's petition would become time-barred within a matter of days and he would have no further recourse in the federal courts.

I acknowledge as well that the State has a competing interest in finality, and the Sixth Circuit has instructed district courts to "set forth certain conditions in an attempt to ensure that [the] case [will] move forward expeditiously." *Hargrove*, 300 F.3d at 721. In both *Hargrove* and *Palmer*, the Sixth Circuit advocated a "'normal' 30-day period . . . as a reasonable period . . ." for the petitioner to file

7

in state court and then to return to federal court. *Palmer*, 276 F.3d at 782; *see also Hargrove*, 300 F.3d at 721.  In this case, however, it is uncontested that the timeliness of Brown's jurisdictional appeal was impeded in part by mail room delays at the prison.  (See Doc. No. 9 at 7 n.3 (acknowledging Brown did not receive notice of the entry of judgment by the court of appeals until approximately 17 days after it was entered); Doc. No. 18 at 3 (Brown gave appeal documents to facility case manager 7 days before deadline; case manager didn't forward the documents to the mail room until 4 days before the deadline, and mail room did not place documents in the mail until the day of the deadline)).

Therefore, I conclude, in the interests of equity, that Brown shall file his motion for leave to file a delayed appeal with the Supreme Court of Ohio within 45 days of the issuance of this order.  Once Brown has exhausted his state court remedies – whether through the Supreme Court of Ohio's denial of his motion for leave or, if it grants his motion for leave, its subsequent resolution of his jurisdictional appeal – he must re-file his habeas petition, supplementing the record to reflect the intervening state court proceedings, within 45 days.

## CONCLUSION

For the reasons stated above, I accept in part and reject in part Magistrate Judge Burke's Report and Recommendation.  I dismiss Brown's habeas petition without prejudice but conclude the statute of limitations, 28 U.S.C. § 2244(d), should be equitably tolled while Brown promptly exhausts his state court remedies.  Brown must pursue his state remedies within 45 days of my order and then he must return to federal court within 45 days of exhausting his state remedies.  If Brown fails to abide by these guidelines, he will not be entitled to equitable tolling under this order and my prospective tolling of the statute of limitations will be rescinded.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge